UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
09 JUN -8 PM 4: 38
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Jill Templin<br>3482 E. Warren Cir.<br>Vincennes, IN 47591<br><br>Plaintiff,<br><br>v.<br><br>I.C. System, Inc.<br>444 Hwy 96 East<br>St. Paul, MN 55127-2557<br><br>Defendant. | Case No.:<br><br>Judge:<br>**1:09 cv- 0707 WTL-JMS**<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around April 21, 2009, Defendant telephoned Plaintiff at Plaintiff's place of employment.

8. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

9. Despite this notice, Defendant telephoned Plaintiff's place of employment on several occasions thereafter in an effort to collect the debt from Plaintiff.

10. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

11. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

12. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

13. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

21. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Timothy J. Sostrin
Timothy J. Sostrin
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 1.866.339.1156
tjs@legalhelpers.com
Attorneys for Plaintiff